# UNITED STATES DISTRICT COURT

for the

Western District of Washington

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
SUBJECT PARCELS more fully described in Attachment A

Case No. MJ22-017

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
SUBJECT PARCELS, more fully described in Attachment A, incorporated herein by reference

located in the Western District of Washington, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution and Possession with Intent to Distribute Controlled Substances |
| 21 U.S.C. § 843(b) | Unlawful Use of Communication Facility to Facilitate Trafficking of Controlled Substance |

The application is based on these facts:

✓ See Affidavit of Postal Inspector Terry D. Stinson, continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: ____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

*Applicant's signature*

Terry D. Stinson Postal Inspector
*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: 01/13/2022

*Judge's signature*

City and state: ~~XXXXX~~ Bellingham, Washington

Paula L. McCandlis, United States Magistrate Judge
*Printed name and title*

**STATE OF WASHINGTON )**
**) ss**
**COUNTY OF KING )**

**AFFIDAVIT**

I, Terry D. Stinson, being first duly sworn on oath, depose and say:

**BACKGROUND**

1. **Affiant Background.** I am a United States Postal Inspector, assigned to investigate the unlawful transportation of contraband, including Title 21 controlled substances, through the United States Mail. I have been a Postal Inspector since June 2019 and am currently assigned to the office located in Tukwila, Washington. As part of my duties, I investigate incidents where the United States mail system is used for the purpose of transporting illegal materials, including controlled substances such as marijuana, cocaine, methamphetamine, and heroin in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and substances mailed in violation of Title 18, United States Code, Section 1716. I have received specialized training in the investigation of controlled substances in the United States mails. I have also received training on the identification of controlled substances and interdiction of controlled substances. I hold a Bachelor's degree in Homeland Security from American Military University.

2. Prior to my employment with the United States Postal Inspection Service, I served as a Coast Guard Investigative Service (CGIS) Special Agent (S/A) for 10 years. During my Coast Guard career, spanning nearly 22 years, I participated in multiple aspects of federal law enforcement within that timeframe. In my official capacity, I investigated violations of federal and state law along with violations of the Uniform Code of Military Justice. My training includes graduating from both the Criminal Investigator Training Program at the Federal Law Enforcement Training Center as well as the Naval Criminal Investigative Service's Special Agent Basic Training Program. As part of my duties as a CGIS S/A, I investigated drug trafficking organizations and their ability to traffic controlled substances including, but not limited to cocaine, methamphetamine, and



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

heroin globally. I conducted and/or participated in numerous investigations involving allegations, such as; drug smuggling, money laundering, the manufacture of controlled substances, weapons smuggling, and alien smuggling. I have worked, led, and participated in multiple drug trafficking investigations and operations during my career. My experience also encompasses other investigative experiences and training not enumerated herein.

3. **Duties, Training & Experience.** As part of my current duties, I investigate the use of the U.S. mails to illegally mail and receive controlled substances, the proceeds of drug trafficking, as well as other instrumentalities associated with drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled substances), and 843(b) (unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances). As set forth below, my training and experience includes identifying parcels with characteristics of criminal activity. During the course of my employment with the USPIS, I have participated in criminal investigations involving suspicious parcels and controlled substances.

4. The information contained in this affidavit is based upon knowledge I gained from my investigation, my personal observations, my training and experience, and investigation by and conversations with other Inspectors, agents, and officers. Because the purpose of this affidavit is limited to setting forth probable cause to search the SUBJECT PARCELS, I have not set forth every fact of which I am aware pertaining to the investigation.

5. From my training and experience, I am aware that the United States Postal Service (USPS) mail system is often used to transport controlled substances and/or the proceeds from the sales of controlled substances throughout the United States. I have learned and observed that sometimes drug traffickers put controlled substances and proceeds in the same package. I also know that drug traffickers prefer mail/delivery service such as Express and Priority Mail because of the reliability of this service as well



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

as the ability to track the article's progress to the intended delivery point. When a drug trafficker learns that a mailed article has not arrived as scheduled, he/she becomes suspicious of any delayed attempt to deliver the item.

6. In addition, I am aware that the USPS Express and Priority Mail services were custom designed to fit the needs of businesses by providing overnight delivery for time sensitive materials. Business mailings often contain typewritten labels, are in flat cardboard mailers, and usually weigh less than eight (8) ounces. In addition, businesses using corporate charge accounts print their account number on the Express and Priority Mail label in order to expedite transactions with USPS.

7. Based on my training and experience concerning the use of Express and Priority Mail for the transportation of controlled substances and/or proceeds from the sales of controlled substances, I am aware that these parcels usually contain some or all of the following characteristics (which are different than characteristics of parcels being sent by legitimate businesses):

a. Unlike typical Express and Priority Mail business mailings which usually have typed labels, parcels containing controlled substances and/or proceeds often have handwritten address information. In addition, the address information often contains misspelled words or incomplete/incorrect addresses. This is done in an effort to help conceal the true identities of the individuals involved.

b. The handwritten label on Express and Priority Mail parcels containing controlled substances and/or proceeds do not contain a business account number and/or credit card number. This often indicates that the sender likely paid cash. A credit card or business account number would more likely enable law enforcement officers to connect the parcel to identifiable individuals.

c. Express and Priority Mail parcels containing controlled substances and/or proceeds are often distinguishable from typical business mailings as they do not bear any advertising on the mailing container/box, and are typically mailed from one individual to another.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

d. The sender and/or recipient addresses on Express and Priority Mail parcels containing controlled substances and/or proceeds are often either fictitious, or are persons not associated with the addresses listed in USPS or law enforcement databases.

e. The zip codes for the sender addresses on Express and Priority Mail parcels containing controlled substances and/or proceeds are often different from the zip codes of the post offices from where the parcels were mailed.

f. Express and Priority Mail parcels containing controlled substances and/or proceeds are often heavily taped with tape on the seams of the parcel, in an apparent effort to conceal scent.

g. Express and Priority Mail parcels containing controlled substances and/or proceeds often include a waiver of signature requirement upon delivery.

8. Inspectors who encounter a parcel with any or all of the above characteristics often further scrutinize the parcel by, among other tactics, conducting address verifications using law enforcement databases and conducting trained narcotic-detecting canine examinations.

**ITEMS TO BE SEARCHED**

9. As set forth in Attachment A, this affidavit is made in support of an application for a search warrant for two Priority Mail class parcels, hereinafter referred to as the "SUBJECT PARCELS." These parcels are believed to contain controlled substances or proceeds from the sale of controlled substances. The SUBJECT PARCELS are further described as follows:

**SUBJECT PARCEL 1**: One Priority Mail class parcel addressed to "Zahira Santaneanz, 2918 Paul Pl, Mount Vernon, WA 98273" with a return address of "Carmen Hernandez, P.O. Box 1605, Hatillo, P.R 00659." SUBJECT PARCEL 1 measures approximately 12 .25" x 12.25" x 6", weighs approximately 19 pounds 15.6 ounces. This parcel is postmarked January 5, 2022 in Camuy, Puerto Rico



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and carries $21.90 in postage. The delivery confirmation number is 9505 5106 3998 2005 5526 29.

**SUBJECT PARCEL 2**: One Priority Mail class parcel addressed to "Zahira Santamaria, 2918 Paul Pl, Mount Vernon, WA 98273" with a return address of "Carmen Hernandez, P.O Box 1605, Hatillo, P.R 00659." SUBJECT PARCEL 2 measures approximately 11.875" x 3.25" x 24.0625", weighs approximately 18 pounds 13.4 ounces. This parcel is postmarked January 5, 2022, in Hatillo, Puerto Rico and carries $21.90 in postage. The delivery confirmation number is 9505 5115 9082 2005 4672 35.

## ITEMS TO BE SEIZED

10. The application requests that law enforcement officers and agents be authorized to seize the following from the SUBJECT PARCELS which constitute the fruits, instrumentalities, and evidence of mailing and distribution of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled substances) and 843(b) (unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances):

a. Controlled substances, including, but not limited to, cocaine, crack cocaine, heroin, hashish, marijuana, methamphetamine, MDMA, methadone, oxycodone, and Oxycontin;

b. Monetary instruments, including but not limited to, currency, money orders, bank checks, or gift cards;

c. Controlled substance-related paraphernalia;

d. Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

e. Notes, letters, and other items which communicate information identifying the sender and/or recipient or pertaining to the contents of the mailing; and



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

f. Fingerprints and/or handwriting, to identify who handled and/or mailed the package.

**THE INVESTIGATION**

11. On January 6, 2022, during routine interdiction operations, the U.S. Postal Inspection Service identified the SUBJECT PARCELS for possibly containing narcotics and/or monetary proceeds derived from illegal drug trafficking activity during a routine interdiction operation.

12. When presented with the **SUBJECT PARCEL 1**, I identified it as suspicious due to the parcel, a Priority Mail class parcel, bearing a handwritten label, the parcel being sent from one individual to another individual, the label containing an apparently-misspelled recipient name, and the parcel being excessively taped to include all of the seams of the parcel. As described above in paragraph 7, when Express and Priority Mail class parcels are used for the transportation of controlled substances and/or proceeds from the sales of controlled substances, these are among the characteristics that distinguish them from parcels being sent by legitimate businesses.

13. When presented with the **SUBJECT PARCEL 2**, I identified it as suspicious due to the parcel, a Priority Mail class parcel, bearing a handwritten label, the parcel being sent from one individual to another individual, the parcel being mailed from a different zip code than the return address, and the parcel being excessively taped. As described above in paragraph 7, when Express and Priority Mail class parcels are used for the transportation of controlled substances and/or proceeds from the sales of controlled substances, these are among the characteristics that distinguish them from parcels being sent by legitimate businesses.

14. On January 8, 2021, the SUBJECT PARCELS were removed from the mail stream in Federal Way, Washington for further investigation. The SUBJECT PARCELS are currently located at the Snohomish Regional Drug Task Force Office located in Marysville, Washington.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

15. Using USPS and law enforcement databases, investigators researched the sender's name and address listed on both **SUBJECT PARCELS**. I learned that address "P.O Box 1605, Hatillo, P.R 00659," ***is*** a true and deliverable address. I also learned that Carmen Hernandez is associated with "P.O Box 1605, Hatillo, P.R 00659."

16. Using USPS and law enforcement databases, I also researched the recipient's name and address listed on **SUBJECT PARCEL 1**. I learned that the address "2918 Paul Pl, Mount Vernon, WA 98273" ***is*** a true and deliverable address. An individual by the name of Zahira Santaneanz ***is not*** associated with 2918 Paul Pl, Mount Vernon, WA 98273. However, a Zahira Hernandez is associated with the address.

17. Using USPS and law enforcement databases, I also researched the recipient's name and address listed on **SUBJECT PARCEL 2**. I learned that the address "2918 Paul Pl, Mount Vernon, WA 98273" ***is*** a true and deliverable address. An individual by the name of Zahira Santamaria ***is not*** associated with 2918 Paul Pl, Mount Vernon, WA 98273. However, a Zahira Hernandez is associated with the address.

18. Based on USPS business records, both parcels were paid for in cash. Based on my training and experience, I know drug traffickers will often pay in cash in an attempt to prevent detection by law enforcement.

19. A search of USPS business data revealed that the **SUBJECT PARCELS** were mailed from two separate U.S. Post Offices in Puerto Rico. **SUBJCT PARCEL 2** was mailed at 10:48 AM from the Hatillo, Puerto Rico Post Office. **SUBJECT PARCEL 1** appears to have been mailed at 11:27 AM from the Camuy, Puerto Rico Post Office. Both parcels appear to have been mailed on the same day (January 5, 2022). Based on an open-source internet search, it appears the Hatillo Post Office is approximately 2.1 miles from the Camuy Post Office and would be an approximate seven-minute drive. The **SUBJECT PARCELS** appear to have been mailed 39 minutes apart from two separate Post Offices at least two miles from one other. Based on my training and experience I know drug traffickers will ship parcels containing contraband



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

from two separate locations to the same recipient address in an attempt to confuse or prevent detection by law enforcement personnel.

20. Based upon this information on January 11, 2022, I requested the assistance of Snohomish County Sheriff's Office (SCSO) Detective William McCormick and his canine partner, Sully. I placed the **SUBJECT PARCEL 1** within a parcel lineup. Det. McCormick applied Sully to the parcel lineup. Sully sniffed the parcel lineup containing **SUBJECT PARCEL 1**, but did not alert to the parcel. I then removed SUBJECT PARCEL 1 from the lineup and placed SUBJECT PARCEL 2 in the lineup in a different location than SUBJECT PARCEL 1 was previously in. Det. McCormick then applied Sully the lineup a second time. Upon encountering **SUBJECT PARCEL 2**, Det. McCormick observed an immediate change of behavior when Sully approached **SUBJECT PARCEL 2**. Det. McCormick observed an immediate change of behavior consisting of Sully ceasing forward movement and intense sniffing along the edges of the box. Det. McCormick then observed Sully present a final response, "Alert", by ceasing his sniffing, maintaining a rigid body position and focus on the parcel. Det. McCormick's affidavit describing Sully's training and qualification is attached to this affidavit and incorporated herein by reference.

21. While Sully did not alert to **SUBJECT PARCEL 1**, the fact that the parcel appears to be shipped by the same shipper as **SUBJECT PARCEL 2**, and the fact that it exhibits similar common characteristics of parcels used to transmit controlled substances and/or proceeds of the distribution of controlled substances as **SUBJECT PARCEL 2**, it is possible that **SUBJECT PARCEL 1** is wrapped in a different or better manner and not allowing for the trained odor to escape from the parcel, or contains monetary instruments or documentary evidence, as listed above, that may be less detectable based on odor. Based on my training and experience, I believe probable cause exists to search both **SUBJECT PARCELS** for the items listed above.

//

//



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

22. Based on the facts set forth in this Affidavit, as well as the attached affidavits (incorporated herein by reference) of Det McCormick, I submit that there is probable cause to conclude the **SUBJECT PARCELS** contain controlled substances, currency, documents, or other evidence, more fully identified in Attachment B, that relate to the mailing and distribution of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled substances) and 843(b) (unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances).

TERRY D. STINSON
U.S. Postal Inspector, USPIS

The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit by telephone on the 13th day of January 2022.

PAULA L. MCCANDLIS
United States Magistrate Judge



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970




K-9 Affidavit

Snohomish Regional Drug Task Force

Detective W. McCormick & Canine Sully



**Experience**

I, Detective William McCormick #TF278, am a fully commissioned Police Officer employed by the Snohomish County Sheriff's Office and currently assigned to the Snohomish Regional Drug Task Force. My assignment is in an undercover role where I am dressed in civilian clothes and drive an unmarked detective vehicle which is not identifiable as law enforcement.

I have been a deputy since November 1997 and have received the following formal training; Basic Law Enforcement Academy, which included courses such as Criminal Procedures, Search and Seizure, Detention and Arrest, Officer Safety and Survival, Crime Scene/Evidence Processing, Ethics and Conduct, Conflict Management, Civil Rights, Drug Investigations, etc. I have also received training in specific to Crimes Against Children, Collision Investigation, and Motorcycle Operation and Instruction.

Police K9 Sully is my currently assigned canine since November 4, 2019. Police K9 Sully is trained in the detection of illegal narcotics and is trained to search for, and alert to, the presence of the odors of Cocaine hcl; Crack Cocaine; Heroin; Methamphetamine, and their respective derivatives. Police K9 Sully is not trained to detect marijuana. Prior to his transfer to myself, Police K9 Sully was trained and imprinted on the aforementioned odors by Mr. Mark Rispoli, owner of Makor K9. Mr. Rispoli has been an instructor in canine scent discrimination from 1980 to present resulting in a vast experience of both handling and training canines in the following fields; narcotics, explosive, accelerant, search and rescue, and dual purpose/patrol canines.

I have attended a 200 hour narcotic detection canine training course with my previous drug detection canine under the direction of Ken Pavlick of Pacific Coast Canine. Ken Pavlick and assisting instructors had over 25 years of operational experience to include narcotic detection amongst other methodologies. Pacific Coast Canine has trained numerous teams from all over the Pacific Northwest. The training encompassed a diverse course of study that included but was not limited to; Introduction to canines, detection dog theory, training and work records, canine handling, practical exercises and applications of various environments, case law, currency application, and recognition of handler error. Additionally, I attended an 80 hour narcotic detection canine training course with K9 Sully under the direction of Mr. Rispoli; Makor K9 (November 2019). During this training, I successfully certified under the California State certification guidelines under the direction of Master Canine Trainer Rob Havice from Medford PD, Oregon.




I have successfully certified with Police K9 Sully under the requirements outlined in the Washington State Criminal Justice Training Commission Policy as well as the Pacific Northwest Police Detection Dog Association, and California Narcotic Canine Association.

Additionally, I have attended specific training in reference to narcotics investigations to include the following; NIK System of Narcotics Investigation/Detection, DEA Basic Drug Investigation, Undercover School, Washington State Narcotic Investigators Association Seminar, Fentanyl Conference, Tactical Entry training, Pacific Northwest Police Detection Dog Association Conference & Certification (2017/2018/2019 with my former police canine), and the Spring and Fall 2021 Washington State Police Canine Association (Police K9 Sully)

Through my training and experience, I am familiar with the appearance of controlled substances and their related paraphernalia and packaging for possession and possession with intent to deliver, and delivery.

**Canine "Sully"**

Police K9 Sully and I have successfully completed an 80 hour course of training for the detection of odors emanating from Cocaine, Crack Cocaine, Heroin, and Methamphetamine. Police K9 Sully has consistently demonstrated the capability to detect the odors emanating from the aforementioned controlled substances.

As a handler I am trained to watch for changes of behavior exhibited by Police K9 Sully when the odor of narcotics is detected. Police K9 Sully is trained to give a "Passive Response" upon locating a source of controlled substance odor. This alert manifests itself by a "Change of Behavior" that ranges from distinct breathing change, to intense sniffing with mouth closed, sometimes accompanied by a distinct body turn or head snap towards the source as well as a noticeable change in tail/body movement. This behavior is then followed by a "Specific Alert" in which Police K9 Sully presses his nose in the area where the odor is emanating while maintaining a rigid body position.

Police K9 Sully and I have been accredited in compliance with Washington Administrative Code. Accreditation standards require that all trained odors are tested in each of the following areas: Outside area searches, building searches, and vehicles.

Police K9 Sully and I train together on a consistent and ongoing basis and at times with other handlers and certified trainers, from the northwest region. The training consists of varied search scenarios, set times, and quantities/types of narcotics, as well as distractions. Police K9 Sully has proven to be reliable and consistent in all phases of this training.

**K9 Certifications:**

- WAC Narcotics 2019 - Current
- California Narcotic Canine Association 2019 – Current
- Pacific Northwest Police Detection Dog Association Certification 2020 – Current

*I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct (RCW 9A.72.085) and I am entering my authorized user ID and password to authenticate it.*

*Detective W. McCormick #TF278*

*Snohomish Regional Drug Task Force*

**Snohomish Regional Drug Task Force**
**Canine Narcotic Team**
**Deputy W. McCormick and Police K9 Sully**

**SRDTF Case Number: TF22-006**

**Date: January 11, 2022**

**Time of Application: Parcel Sniff**

**Location: Snohomish County, Washington**

**Assignment:**

I, Detective W. McCormick #TF278, am a fully commission Police officer employed by the Snohomish County Sheriff's Office. My current assignment is a detective/canine handler with the Snohomish Regional Drug Task Force.

**Incident:**

On January 11, 2022, US Postal Inspector T. Stinson requested my assistance with a sniff of two parcels that he had seized as they were suspicious in nature. The parcels in question had been transported to the Snohomish Regional Drug Task Force office by Inspector Stinson for purposes of utilizing my partner, Police K9 Sully, to conduct a sniff to determine if there was illegal drug odor present.

At my request, Inspector Stinson set up the sniff scenario by utilizing four 'blank' parcels each of which were secured with packaging tape and similar in size to the suspect parcels. Inspector Stinson then placed the four blank boxes and one target box along an interior wall in the office.

I then retrieved K9 Sully from my vehicle and walked him into the office. I then gave him the sniff command on motioned for him to sniff the designated area where the parcels were lined up (left to right). This exercise was off lead without providing any direction or input. I remained several feet away while he completed this application. K9 Sully sniffed all five parcels starting with parcel number 1 and ending with parcel number 5 (suspect parcel). Sully worked back and forth several times sniffing each parcel. Sully did not show any change of behavior during this application.

Inspector Stinson then set up the second scenario, replacing the first suspect parcel with the second suspect parcel. He also switched up the order of the parcels. I returned to the area with K9 Sully and gave him the sniff command and proceeded to start him on the opposite side than before (left to right). K9 Sully proceeded to work down the line sniffing each parcel. Again, he was off lead and was not given direction or input during the sniff. When he reached the suspect parcel, he showed a change of behavior consisting of ceasing forward movement and intense sniffing along the edges of the box.

K9 Sully then presented a final response, "Alert", by ceasing his sniffing, maintaining a rigid body position and focus on the parcel. He remained in this position until I acknowledged his

**Snohomish Regional Drug Task Force**
**Canine Narcotic Team**
**Deputy W. McCormick and Police K9 Sully**

"Alert" with verbal recognition. This change of behavior and final response is consistent with past alerts where illegal controlled substance odors were present and where illegal controlled substances have been located.

I later provided Inspector Stinson with Attachment's 'A' and 'B' for her records.

End of Report.

***I certify or declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct (RCW 9A.72.085) and I am entering my authorized user ID and password to authenticate it.***

**Detective W. McCormick #TF278** ____________________________________________

**Date: January 11, 2022**

**Case: SRDTF #TF22-006**

**ATTACHMENT A**
Parcels to be searched

6. Two Priority Express Mail parcels, hereinafter referred to as the "SUBJECT PARCELS." These parcels are believed to contain controlled substances or proceeds from the sale of controlled substances, or related items as specified in Attachment B. The SUBJECT PARCELS are further described as follows:

**SUBJECT PARCEL 1**: One Priority Mail class parcel addressed to "Zahira Santaneanz, 2918 Paul Pl, Mount Vernon, WA 98273" with a return address of "Carmen Hernandez, P.O. Box 1605, Hatillo, P.R 00659." SUBJECT PARCEL 1 measures approximately 12 .25" x 12.25" x 6", weighs approximately 19 pounds 15.6 ounces. This parcel is postmarked January 5, 2022 in Camuy, Puerto Rico and carries $21.90 in postage. The delivery confirmation number is 9505 5106 3998 2005 5526 29.

**SUBJECT PARCEL 2**: One Priority Mail class parcel addressed to "Zahira Santamaria, 2918 Paul Pl, Mount Vernon, WA 98273" with a return address of "Carmen Hernandez, P.O Box 1605, Hatillo, P.R 00659." SUBJECT PARCEL 2 measures approximately 11.875" x 3.25" x 24.0625", weighs approximately 18 pounds 13.4 ounces. This parcel is postmarked January 5, 2022, in Hatillo, Puerto Rico and carries $21.90 in postage. The delivery confirmation number is 9505 5115 9082 2005 4672 35.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ATTACHMENT B**

Items to be Seized

The following items that constitute evidence, instrumentalities, or fruits of violations of Title 21, United States Code, Section(s) 841(a)(1) and 843(b), unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances:

a. Controlled substances, including, but not limited to, cocaine, crack cocaine, heroin, hashish, marijuana, methamphetamine, MDMA, methadone, oxycodone, and Oxycontin;

b. Monetary instruments, including but not limited to, currency, money orders, bank checks, or gift cards;

c. Controlled substance-related paraphernalia;

d. Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

e. Notes, letters, and other items which communicate information identifying the sender and/or recipient or pertaining to the contents of the mailing; and

f. Fingerprints and/or handwriting, to identify who handled and/or mailed the package.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970